IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JARRET FATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-cv-459 |
| | ) | |
| NATHAN HARPER, *former Pittsburgh Police* | ) | |
| *Chief, in his individual capacity*, REGINA | ) | **ELECTRONICALLY FILED** |
| McDONALD, *acting Pittsburgh Police Chief, in* | ) | |
| *her official capacity*, CMDR. GEORGE | ) | |
| TROSKY, *in his official and individual capacity*, | ) | |
| and THE CITY OF PITTSBURGH, | ) | |
| | ) | |
| Defendants. | | |

## ORDER OF COURT RE: PARTIES' MOTIONS IN LIMINE
## (DOC. NOS. 53, 55, 57, AND 59)

Presently before the Court are four Motions in Limine filed by the parties. Doc. Nos. 53,

55, 57, 59. After careful consideration of the Motions in Limine, briefs in support thereof (Doc.

Nos. 54, 56, 58, and 60), and briefs in opposition thereto (Doc. Nos. 69, 70, 72-75), the

following Order is entered.

AND NOW, this 6th day of March 2013, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion in Limine to Exclude the Prior Bad Acts of Defendants Harper and

   Trosky (Doc. No. 53) is **GRANTED**. The relevance of past alleged uses of unnecessary

   physical force by Defendants Harper and Trosky is substantially outweighed by the risk

   of unfair prejudice. Therefore, this evidence will be precluded pursuant to Federal Rule

   of Evidence 403.

2. Plaintiff's Motion in Limine to Exclude Argument that Detective Walker Had to Have

   Been Acting Under Color of State Law (Doc. No. 55) is **DENIED**. The Court notes a

   split within the United States Courts of Appeals and, consistent with the United States

Courts of Appeals for the 2nd and 9th Circuits, holds that the jury must first determine whether Detective Walker was acting under the color of state law during his encounter with Plaintiff before determining whether Defendants are liable for any resultant Constitutional violation. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 836 (9th Cir. 1996), *Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir. 1994).

3. Plaintiff's Motion in Limine to Exclude "Blame the Union Defense" (Doc. No. 57) is **DENIED**. The Court finds that this theory is relevant to the ultimate issues in this case and is not unduly prejudicial.

4. Plaintiff's Motion in Limine to Exclude or Preclude Testimony and Evidence Regarding his Alleged Lack of Knowledge of Defendant's Prior Incidents (Doc. No. 59) is **GRANTED**. Plaintiff's knowledge or lack thereof of Detective Walker's disciplinary history is not relevant to this case and could cause jury confusion.

The trial set to begin on March 18, 2013, will proceed in accordance with these rulings.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties